IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EMANUEL TRAYLOR**                                                                                          **PLAINTIFF**

**V.**                          **CASE NO. 4:17-CV-844-SWW-BD**

**LESLIE BORGOGNONI, Public
Defender,** *et al*.                                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Traylor may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.  By not objecting, Mr. Traylor may also waive any right to appeal questions of fact.

**II.**    **Background:**

Plaintiff Emanuel Traylor, in custody at the Pulaski County Detention Center, filed this complaint under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. Traylor requested that he be allowed to proceed *in forma pauperis*. (#1)  The Court granted that request and ordered that Mr. Traylor pay the $350.00 filing fee for a civil rights action in monthly installments to be collected from his prison account. (#4)

Mr. Traylor sued Public Defenders Leslie Borgognoni, Andrew Thornton, and Harrison Tome. (#2, at pp. 1-2) He alleges that Defendants refused, pursuant to policy, to give him a copy of the evidence to be used against him in a criminal case. (#2, at p. 4) Mr. Traylor alleges that Defendants are violating his rights under the Fifth, Sixth, and Fourteenth Amendments by not providing him the documents he requested. (#2, at p. 4) As relief, Mr. Traylor wants to receive a copy of the discovery in his criminal case, and asks that the policy pursuant to which Defendants denied his request be stricken. (#2, at p. 5).

### III. Screening:

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to identify whether the prisoner has stated claims for relief. Claims must be dismissed if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from paying damages. See 28 U.S.C. § 1915A. Although the Rules require that a complaint include only a short, plain statement showing that the pleader is entitled to relief, the factual allegations must raise the right to relief above the speculative level. See Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain

enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### IV. <u>Discussion:</u>

The Court recommends dismissal of this lawsuit because Mr. Traylor has not stated a federal claim for relief. To state a constitutional claim under § 1983, Mr. Traylor must allege facts showing that one or more of the Defendants deprived him of a federally protected right *while acting under color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, none of the Defendants was acting under color of law. Each Defendant in this case is a public defender; and defense attorneys in criminal cases, whether appointed or retained, are not deemed state actors. See *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981).

To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)).  This means that Mr. Traylor's complaint would have to allege "at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Here, Mr. Traylor has not alleged any facts indicating that Defendants were willful participants in joint activity with state actors.  Accordingly, Defendants are not

subject to suit under § 1983, and Mr. Traylor's claims should be dismissed without prejudice.

## V.     Conclusion:

The Court recommends that Judge Wright DISMISS Emanuel Traylor's complaint (#2), without prejudice, based on his failure to state a federal claim. Furthermore, the dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court further recommends that Judge Wright certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

SO RECOMMENDED, this 3rd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE